UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA

       -v.-                                          ORDER

STEVEN NEGRON,                             11-CR-324-1 (CS)

              Defendant.
-------------------------------------------------------x

Seibel, J.

      Before the Court is Defendant Steven Negron's motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), known as "compassionate release," (Doc. 406),[1] and the Government's opposition thereto, (Doc. 409).[2]

      Defendant was arrested on April 14, 2011 and detained. On April 19, 2013, he was sentenced principally to 198 months' imprisonment. (Doc. 286). This sentence was 64 months below the low end of his advisory Sentencing Guidelines range of 262-327 months. (*See* Presentence Report ("PSR") at 22.) Defendant has served approximately 112 of those 198 months.

      Under 18 U.S.C. § 3582(c)(1)(A), I may, after considering the factors set forth in 18 U.S.C. § 3553(a), reduce a sentence if extraordinary and compelling reasons justify such action and it is consistent with the relevant policy statements of the Sentencing Commission. Policy Statement 1B1.13 imposes similar requirements, along with the provision that the Defendant not be a danger to the safety of any other person or the community. Application Note 1 to Policy

---

[1] Defendant also requests home confinement, but only the Bureau of Prisons, not the Court, can provide that relief. *See* 18 U.S.C. § 3624(c); CARES Act, Pub. L. No. 116-136, § 12003(b)(2) (2020).

[2] The Government redacted portions of its submission that relate to Defendant's health. The Court will file the unredacted submission under seal.

Statement 1B1.13 describes four potential extraordinary and compelling reasons: 1) the defendant has a terminal medical condition or because of serious health condition from which he is not expected to recover is substantially diminished in his ability to provide self-care; 2) the defendant is at least 65 years old, has served 75% or 10 years of his sentence, and is experiencing a serious deterioration in health because of the aging process; 3) family circumstances; and 4) an extraordinary and compelling reason other than or in combination with one of the above.

Defendant argues that he suffers from a health condition – acute bronchitis – that, combined with conditions in prison, puts him at increased risk for severe disease should he contract COVID-19. Presumably he means to contend that he fits the fourth category.[3] He does not. First, he is not suffering from acute bronchitis; his medical records reveal that he came down with acute bronchitis in 2016, was given an inhaler at that time, and recovered. That he suffered an acute disease four years ago does not suggest that he has any chronic or lingering disease now. Further, bronchitis – acute or otherwise – is not among those conditions that the Centers for Disease Control ("CDC") has identified as causing, or even perhaps causing, increased risk.[4] Moreover, despite the difficulty in social distancing presented by incarceration,

---

[3]Defendant refers to the inability of any prisoner to provide self-care in overcrowded conditions at FCI Allenwood, but the self-care prong of Policy Statement 1B1.13 refers to an inability to provide self-care as the result of a serious health condition from which Defendant is not expected to recover, which Defendant does not assert here. I therefore consider Defendant's application under the fourth, catch-all prong.

[4]Although not mentioned by Defendant, the Government discloses that on July 17, 2020 – the day after Defendant petitioned the Warden for release – Defendant complained at sick call about wheezing and shortness of breath that mysteriously only occurred between 7 and 10 pm. Medical staff observed no symptoms and ruled out bronchitis and asthma. At an unrelated medical appointment on August 8, 2020, Defendant showed no symptoms. Whether the July 17 complaints were fabrications – which would not be surprising given Defendant's track record,

FCI Allenwood Low, where Defendant is housed, has identified no current inmate or staff cases, and only one of each (since recovered) during the pandemic thus far. The factors to which Defendant points, whether singly or in combination, do not come close to the level of extraordinary or compelling circumstances.

Even if they did, I would still have to consider the § 3553(a) factors. Defendant's offense was serious: he was a manger of a large-scale cocaine trafficking organization and was responsible for the distribution of between 50 and 150 kilograms. The instant case was Defendant's fourth criminal conviction and second felony. Two of his priors were committed while he was on bail. A prior lengthy sentence of 6-15 years did not deter him. In this case he submitted a petition under 28 U.S.C. § 2255 in which he made false statements about his own understanding of his case and about his attorney's conduct. (*See* Doc. 357.) Releasing defendant after he has served not even 60% of his sentence – a sentence already well below the advisory Guidelines range – would undermine several of the purposes of sentencing. It would not be just punishment and would introduce unwarranted sentencing disparities. It would not give sufficient weight to Defendant's repeated disrespect for the law. It would not suffice to protect the public from further crimes by Defendant, unfortunately a distinct possibility given his apparent continued efforts to game the system. In short, even if Defendant had shown extraordinary and compelling circumstances, I would deny the motion in light of the offense, Defendant's history and the other § 3553(a) factors.

---

(*see* Doc. 357 at 11) – or whether he actually had symptoms that only arose during select hours, he does not appear to suffer any ongoing illness, let alone one that puts him at increased risk for COVID-19.

Accordingly, the motion is denied.  The Clerk of Court is respectfully directed to terminate the pending motion, (Doc. 406), and send a copy of this Order to Defendant Steven Negron,, No. 64985-054, FCI Allenwood Low,  Federal Correctional Institution, P.O. Box 2000, White Deer, PA  17887.

Dated: September 8, 2020
      White Plains, New York

                                            *Cathy Seibel* (signature)
                                            CATHY SEIBEL, U.S.D.J.