UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA

        -v.-                                        ORDER

STEVEN NEGRON,                        11-CR-324-1 (CS)

                 Defendant.
-------------------------------------------------------x

Seibel, J.

      Before the Court is Defendant Steven Negron's motion for reconsideration of my earlier denial of reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), known as "compassionate release." (Doc. 418.) Familiarity with my prior orders, (Docs. 410, 415), is presumed.

      Under 18 U.S.C. § 3582(c)(1)(A), I may, after considering the factors set forth in 18 U.S.C. § 3553(a), reduce a sentence if extraordinary and compelling reasons justify such action and it is consistent with the relevant policy statements of the Sentencing Commission. Policy Statement 1B1.13 imposes similar requirements, along with the provision that the Defendant not be a danger to the safety of any other person or the community. Application Note 1 to Policy Statement 1B1.13 describes four potential extraordinary and compelling reasons: 1) the defendant has a terminal medical condition or because of serious health condition from which he is not expected to recover is substantially diminished in his ability to provide self-care; 2) the defendant is at least 65 years old, has served 75% or 10 years of his sentence, and is experiencing a serious deterioration in health because of the aging process; 3) family

circumstances; and 4) an extraordinary and compelling reason other than or in combination with one of the above.[1]

Defendant argues that my denial of his earlier motions seems to be at odds with my statements at sentencing that I believed Defendant was unlikely to commit further crimes and was in the middle level of the conspiracy. He contends that he has changed and would never go back to drug dealing because of his family; says that he has pulmonary fibrosis and a doctor has told him he is at high risk for COVID-19; and notes that cases are up at the Allenwood complex.

I did say at sentencing that I did not think Defendant would return to drug dealing, and I thought that at the time, given that he was 44 years old and facing a sentencing range of 262-327 months, which would have made him well into his sixties when released. That belief, and his role in the offense, were large parts of the reason I sentenced him to only 198 months. If Defendant were released now, however, he would be only 52 years old – young enough to get back into business – and unfortunately his conduct since his sentencing has demonstrated that he was not the broken man he portrayed himself to be and in fact has not reformed.

For example, in his petition under 28 U.S.C. § 2255, he lied about his understanding of the drug weight to which he admitted; his understanding of his appeal waiver; and the contents of his correspondence with counsel. (*See* Doc. 357.) He also lied about having asked counsel to

---

[1]Section 1(D) of the Application Note states: "Other Reasons – As determined by the Director of the Bureau of Prisons ["BOP"], there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the [other three reasons]." But "Application Note 1(D) does not apply to compassionate release motions brought directly to the court by a defendant," *United States v. Brooker*, No. 19-3218-CR, 2020 WL 5739712, at *1 (2d Cir. Sept. 25, 2020), so I am not constrained by the BOP's or the Application Note's interpretation of extraordinary and compelling circumstances, *see id.* at 7 ("Neither Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion.").

file an appeal and went so far as to send counsel a letter setting up an ineffective assistance claim by falsely claiming the same.  (*See id.*)  In his motion for compassionate release, he falsely said he suffers from acute bronchitis, seemingly fabricated wheezing that conveniently only occurred outside of sick-call hours and falsely claimed to have pulmonary fibrosis, (*see* Docs. 410, 415) – the latter a claim he repeats in the instant application.[2]  As I said in denying Defendant's initial motion, reducing his sentence would "not suffice to protect the public from further crimes by Defendant, unfortunately a distinct possibility given his apparent continued efforts to game the system."  (Doc. 410 at 3.)  In short, Defendant's post-sentencing conduct has convinced me that he is not deterred and still poses a risk of further crimes.

I do not doubt that Defendant misses his family members and wishes he could be with them, or that they feel the same way.  But his children and other relatives were in the world when he committed the large-scale cocaine trafficking that landed him in prison. I would have to be naive to take a face value his protestations that he would not commit crimes because of the harm to his family.  Finally, while COVID-19 cases may be up at the Allenwood complex, there are no inmate or staff cases at FCI Allenwood Low, where Defendant is housed.

In short, nothing in the the motion to reconsider changes my mind that extraordinary and compelling circumstances do not exist, and even if they did, they would be outweighed by the § 3553(a) factors.

Accordingly, the motion for reconsideration is denied.  The Clerk of Court is respectfully directed to terminate the pending motion, (Doc. 418), and send a copy of this Order to Defendant

---

[2]Pulmonary fibrosis is scarring in the lung.  The Government provided a physician's memorandum, dated September 28, 2020, stating that Defendant has pulmonary nodules, not pulmonary fibrosis, (Doc. 414 Ex. B), and the August 11, 2020 CT report that Defendant submitted, (Doc. 418 at 2), is entirely consistent with that evaluation.

Steven Negron,, No. 64985-054, FCI Allenwood Low, Federal Correctional Institution, P.O. Box 2000, White Deer, PA  17887.

Dated: October 9, 2020
      White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.