UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
UNITED STATES OF AMERICA

        -v.-                                     ORDER

STEVEN NEGRON,                          11-CR-324-1 (CS)

                Defendant.
--------------------------------------------------------x

Seibel, J.

      Before the Court is Defendant Steven Negron's third motion for reconsideration of my denial of his motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), known as "compassionate release." (Doc. 436.)[1] Familiarity with my four previous rulings, (Docs. 410, 415, 420, 428), is presumed, and those rulings are incorporated herein by reference.

      Little is new in this latest application. Defendant has had COVID-19, apparently with some lingering effects, and has turned down the vaccine. He points to his obesity and history of smoking, which he argues put him at increased risk for a severe case should he be reinfected with COVID-19, and he disclaims any intent to manipulate or deceive in connection with his prior false statements to the Court.

      Obesity and smoking appear on the list of conditions that the Centers for Disease Control ("CDC") has identified as causing increased risk for severe disease if one contracts COVID-19. But there are several factors that lead me to conclude that Defendant's medical conditions do not present an extraordinary and compelling reason. First, he has already had COVID-19 and, despite his risk factors, fortunately did not suffer a severe case. Now that he has been diagnosed with the disease and weathered it, a sentence reduction based on the risk of contracting it no

---

[1] The same motion seems to have been refiled as Doc. 437.

longer makes sense. "This Court and others have declined to find 'extraordinary and compelling circumstances' in cases where a defendant has a prior COVID-19 diagnosis." *United States v. Williams*, No. 11-CR-172, 2020 WL 6826740, at *6 (D. Conn. Nov. 20, 2020); *see United States v. Mateus*, No. 14-CR-504, 2020 WL 5096062, at *4 (S.D.N.Y. Aug. 28, 2020) ("Put simply, Mr. Mateus has already contracted the COVID-19 virus and recovered from it. Other courts have denied compassionate release requests on this basis, and the Court is persuaded by their analyses."); *United States v. Rodriguez*, No. 19-CR-64, 2020 WL 4581741, at *2 (D. Conn. Aug. 10, 2020) ("A number of district courts in the Second Circuit have found an inmate's positive test undermines his case for compassionate release on the basis of his susceptibility to COVID-19 because the main point of releasing an individual is to decrease the person's chance of contracting COVID-19."). Reinfection, while not impossible, is rare, according to the CDC.

Second, he is incarcerated at FCI Allenwood Low, a facility that presently has no inmate or staff cases, according to the Bureau of Prisons ("BOP"). Third, Defendant refused the vaccine, which is safe and effective. "In declining vaccination . . . [Defendant] declined the opportunity to reduce his risk exposure to COVID-19 dramatically; he cannot reasonably expect that prolonging his risk by declining vaccination will be rewarded with a sentence reduction." *United States v. Lohmeier*, No. 12-CR- 1005, 2021 WL 365773, at *2 (N.D. Ill. Feb. 3, 2021) (collecting cases for proposition that circumstances are not extraordinary and compelling where defendant refused vaccination); *United States v. Gonzalez Zambrano*, No. 18-CR-2002 2021 WL 248592, at *5 (N.D. Iowa Jan. 25, 2021) ("Although [Defendant] requests that the Court take immediate action to reduce her sentence and release her due to the threat of COVID-19, she herself was not willing to inoculate herself against that same disease. Although defendant has a

right to refuse medical treatment, the Court finds that it would be inappropriate to reward her refusal to protect herself by granting her release.  It would be paradoxical to endorse a system whereby a defendant could manufacture extraordinary and compelling circumstances for compassionate release by unreasonably refusing the health care afforded to them.").  Accordingly, I do not believe extraordinary and compelling circumstances exist based on COVID-19 risk.

Nor do the conditions implemented during the pandemic elevate Defendant's situation to that level.  I do not mean to minimize the difficulty that the pandemic has caused for inmates (or those on the outside, for that matter), but those universal conditions do not give rise to extraordinary and compelling circumstances. *See United States v. Pinto-Thomaz*, 454 F. Supp. 3d 327, 331 (S.D.N.Y. 2020).

Finally, Defendant suggests he is rehabilitated.  While Defendant having participated in many courses and programs is commendable, "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."  28 U.S.C.A. § 994(t).  While I may consider it in combination with other factors in determining whether there are extraordinary and compelling reasons for a sentence reduction, *see United States v. Torres*, 464 F. Supp. 3d 651, 661 (S.D.N.Y. 2020); *see also Brooker*, 976 F.3d at 237-38 ("The only statutory limit on what a court may consider to be extraordinary and compelling  is that '[r]ehabilitation . . . *alone* shall not be considered an extraordinary and compelling reason.'") (quoting 28 U.S.C. § 994(t)) (emphasis in *Brooker*), I do not find that any combination of circumstances here rises to that level.  Making good use of one's time in prison is not uncommon, and indeed is expected.  *See United States v. Alvarez*, No. 89-CR-229, 2020 WL 4904586, at *7 (E.D.N.Y. Aug. 20, 2020).

Further, Defendant's protestations of rehabilitation are unconvincing in light of his history of false statements to the Court.  I am unpersuaded by his claim that he is not at fault for those statements.

Accordingly, I conclude that the reasons advanced by Defendant do not, individually or collectively, amount to extraordinary and compelling circumstances.  Even if they did, I would still have to consider the § 3553(a) factors, and they militate against reduction of Defendant's already-below-Guidelines sentence, for reasons set forth in earlier rulings.

For the reasons stated above, the motion is denied.  The Clerk of Court is respectfully directed to terminate Docs. 436 and 437, and to send a copy of this Order to Steven Negron, No. 64985-054, FCI Allenwood Low, Federal Correctional Institution, P.O. Box 1000, White Deer, PA  17887 .

Dated: August 10, 2021
       White Plains, New York

*Cathy Seibel*
_____
CATHY SEIBEL, U.S.D.J.